```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 04/17/2023
-------------------------------------------------------------- X
WARREN ZINNAMON, on behalf of himself and    :
all others similarly situated,               :
                                             :
                                             :
                          Plaintiff,         :
             -against-                       :          23-CV-0781(VEC)
                                             :
                                             :               ORDER
SATYA JEWELRY II, LLC,                       :
                                             :
                                             :
                          Defendant.         :
-------------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 31, 2023, Plaintiff sued Satya Jewelry II, LLC, alleging that its failure to make its website accessible to visually impaired persons violates the Americans with Disability Act ("ADA") and the New York City Human Rights Law, Dkt. 1;

WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted);

WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction. *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS in *Calcano*, the Second Circuit held that "Plaintiffs' conclusory, boilerplate allegations" that they were injured by Defendants' failure to accommodate visually impaired plaintiffs "fail to establish standing," *id.* at 71;

WHEREAS the allegations in the Complaint in this action likely fail adequately to allege standing, as they are at least as conclusory as the allegations in the complaints at issue in *Calcano*;

WHEREAS the Undersigned has ordered Plaintiff's counsel to show cause numerous times over the past seven months why complaints that he has filed under the ADA should not be dismissed for failure adequately to allege standing. *See Zinnamon v. Levi Strauss & Co., Inc.*, No. 22-CV-5910, Dkt. 7; *Velazquez v. The Neiman Marcus Group, LLC*, No. 22-CV-6520, Dkt. 7; *Velazquez v. Mellow Monkey, LLC*, No. 22-CV-7534, Dkt. 5; *Velazquez v. Hudson Group (HG) Retail, LLC*, No. 22-CV-9165, Dkt. 9; *Velazquez v. Alpaca Direct, LLC*, 22-CV-9168, Dkt. 7;

WHEREAS Federal Rule of Civil Procedure 11(b)(1) prohibits counsel from filing improper complaints that "harass, cause unnecessary delay or needlessly increase the cost of litigation;"

WHEREAS this prohibition extends to complaints that "utterly lack support" and for which "it should [be] patently obvious to any attorney who had familiarized himself with the law that the action was frivolous," *In re Firestar Diamond, Inc.*, 634 B.R. 265, 307–08 (Bankr. S.D.N.Y. 2021) (cleaned up); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003) (holding sanctions may appropriately imposed where the party's arguments are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," *id.* (cleaned up)); and

WHEREAS Mr. Rozenberg has already been sanctioned for materially misrepresenting information to the Court and admonished for failing to comply with Court orders, *see Velazquez v. The Nieman Marcus Group, LLC*, 22-CV-6520, Dkt. 13; *Monegro v. Global Equip. Co. Inc.*, 20-CV-6409, Dkts. 14, 18.

IT IS HEREBY ORDERED that, by no later than **April 21, 2023**, Plaintiff must file a motion, including a memorandum of law and any supporting exhibits or declarations, for leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

IT IS FURTHER ORDERED that Plaintiff must serve a copy of this order on Defendant by no later than **April 19, 2023**, and file proof of service on the docket by **April 21, 2023**.

IT IS FURTHER ORDERED that Plaintiff's counsel must show cause, by **April 21, 2023**, why he should not be sanctioned for filing a complaint that patently fails adequately to

allege standing despite numerous warnings that failure to do so constitutes grounds for dismissal for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date:  April 17, 2023
      New York, New York

                                        **VALERIE CAPRONI**
                                        **United States District Judge**