```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/28/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WARREN ZINNAMON, on behalf of himself and :
all others similarly situated,                                :
                                                              :
                              Plaintiff,       :      23-CV-781 (VEC)
              -against-                                       :
                                                              :      OPINION & ORDER
SATYA JEWELRY II, LLC,                                        :
                                                              :
                              Defendant.       :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiff's counsel, Mark Rozenberg, an associate of the law firm Stein Saks PLLC ("Stein Saks"), has filed on behalf of visually-impaired plaintiffs hundreds of barebones complaints against various website operators, including Defendant Satya Jewelry II, LLC ("Satya Jewelry"), for failing to make their websites accessible in violation of the Americans with Disability Act ("ADA"). *See, e.g.*, Compl., Dkt. 1. The Court has repeatedly ordered Mr. Rozenberg to show cause why such cases should not be dismissed for failing adequately to allege standing. On April 17, 2023, the Court once again ordered Mr. Rozenberg to show cause why this case should not be dismissed for failing adequately to allege standing and also to show cause why he should not be sanctioned for filing a complaint that patently fails adequately to allege standing. Order, Dkt. 7.

      For the reasons discussed below, Mr. Rozenberg and Stein Saks are ordered to pay a sanction of $1,000.00 for filing a complaint that unquestionably failed to allege standing adequately. The obligation to pay the fine is stayed for two years and will be abrogated if,

1

during that time, Mr. Rozenberg and Stein Saks do not file another complaint that obviously fails adequately to allege standing.[1]

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 11, an attorney who presents a filing to the court certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not presented for an improper purpose, the legal contentions are nonfrivolous and supported by existing law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). A legal position is frivolous for the purposes of Rule 11 sanctions if it is "clear" that there is "no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (quoting *Caisse Nationale de Credit Agricole–CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994)). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1).

As explained in the Court's Order to Show Cause, a plaintiff bringing a claim pursuant to the ADA must establish that he or she has standing to sue for injunctive relief by demonstrating that "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the

---

[1] On April 24, 2023, Plaintiff submitted in this case a notice of voluntary dismissal without prejudice. Not., Dkt. 10. Although the case is now closed, the court "retain[s] the power to determine . . . the appropriateness of sanctions." *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002); *see also Inter-Cnty. Res., Inc. v. Med. Res., Inc.*, 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999) ("[A] court's power to impose sanctions on litigants for violations of applicable rules does not terminate upon the dismissal of a case.") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990)).

The Court further notes that Plaintiff's response to the Order to Show Cause stated that Plaintiff voluntarily dismissed the case due to Defendant's default. Resp., Dkt. 11 at 2. As Plaintiff's counsel should have known, Defendant's time to answer had been stayed until the date of the initial pretrial conference, which was scheduled for June 2, 2023. Order, Dkt. 5 at 1. Thus, contrary to Mr. Rozenberg's representation in his response to the Court's Order to Show Cause, the Defendant was not in default when Plaintiff elected voluntarily to dismiss the case.

discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); *see also* Order at 2.

A plaintiff must plausibly plead "a real and immediate threat of future injury" to satisfy the third prong of the standing requirement. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)); *see also* Order at 2. In the virtual world, the third requirement can be met by non-conclusory, plausible factual allegations from which it is reasonable to infer, based on the past frequency of visits and the plaintiff's articulated interest in the products or services available on the particular website, that the plaintiff intends to return to the website. *See Harty v. W. Point Realty Inc.*, 28 F.4th 435, 443 (2d Cir. 2022); *Walters v. Fischer Skis U.S., LLC*, No. 21-CV-1115, 2022 WL 3226352, at *3–4 (N.D.N.Y. Aug. 10, 2022).

The Complaint's allegations regarding Plaintiff's intent to return to the website state only that he "intends to visit the Website in the near future if it is made accessible." Compl. ¶ 30. The Second Circuit has made clear that "conclusory, boilerplate allegations" that a plaintiff has been injured by defendants' failure to accommodate visually impaired plaintiffs, such as the allegations in this Complaint, "fail to establish standing." *Calcano*, 36 F.4th at 71; *see also* Order at 2.[2]

---

[2] Mr. Rozenberg contends that the conclusory assertion that Plaintiff intends to revisit Defendant's website is adequate to allege standing, and that the Second Circuit's holding in *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir. 2022), is inapplicable to website ADA cases. Resp. at 2. Mr. Rozenberg cites no caselaw in support of his argument, nor does he even attempt to distinguish the numerous cases in this Circuit that have applied *Calcano* to website ADA cases. *See, e.g.*, *Tavarez v. Moo Organic Chocolates*, No. 21-CV-9816, 2022 WL 17094631 (S.D.N.Y. Nov. 21, 2022); *Walters v. Fischer Skis U.S., LLC*, No. 21-CV-1115, 2022 WL 3226352, at *3 (N.D.N.Y. Aug. 10, 2022).

The other factual allegations that Mr. Rozenberg argues establish standing fare no better. Resp., Dkt. 11 at 1–2. Although the Complaint alleges that Plaintiff visited Satya Jewelry's website on multiple unspecified occasions, *see id.*; Compl. ¶¶ 9, 24, it alleges no facts regarding Defendant's jewelry or Plaintiff's interest in either Defendant's jewelry or jewelry generally that would allow the Court reasonably to infer that the inaccessibility of Defendant's website "caused him concrete harm." *Harty*, 28 F.4th at 443. For example, Plaintiff does not allege: the genesis for his need or desire for jewelry; that Satya Jewelry sells any particular type of jewelry he wants; or that he has searched for comparable jewelry from other e-commerce or brick-and-mortar sites but has been unable to find them at a comparable price point.[3] Indeed, there are no allegations in the Complaint as to why Plaintiff prefers the jewelry that is available from Satya Jewelry over jewelry available from any other jewelry company or website.

Nor does Plaintiff state any "concrete plans" to revisit the website, allegations that are necessary plausibly to establish his intent to return. *Harty*, 28 F.4th at 443 (holding that plaintiff's allegation that he intended to revisit the website "in the near future" was insufficient to establish standing). In sum, the Complaint fails to allege sufficient facts to nudge Plaintiff's standing allegations, such as they are, across the line from conceivable to plausible.

---

[3] The Court does not intend to suggest that this degree of specificity is necessary to allege standing in every ADA website case. But the Court also is not required to ignore reality. *See Calcano*, 36 F.4th at 77 (noting that the Court "cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings").

Mr. Rozenberg has filed more than 500 ADA website cases over the last few years, including at least 150 after the Second Circuit's decision in *Calcano*. Mr. Zinnamon is the plaintiff in more than a dozen ADA website lawsuits that have been filed in 2023, including a lawsuit against another jewelry company, Bling Jewelry, LLC, that was filed less than a month after this complaint; that complaint also alleges only that the plaintiff attempted to visit the website "[o]n multiple occasions" and "intends to visit the Website in the near future if it is made accessible." *See Zinnamon v. Bling Jewelry, Inc.*, No. 23-CV-1508, Dkt. 1 ¶¶ 24, 30. The Court cannot attest that the initially-filed complaints in all of the post-*Calcano* cases filed by Mr. Rozenberg are identical, but a random spot check of many of those complaints suggest that they all contain vague and conclusory allegations of the facts necessary to allege standing that are identical to the allegations in this case.

By the time this Complaint was filed on January 31, 2023, the Court had, on several occasions, ordered Mr. Rozenberg to show cause why similar barebones, ADA website complaints that he had filed should not be dismissed for failing adequately to allege standing in light of *Calcano*. *See Zinnamon v. Levi Strauss & Co., Inc.*, No. 22-CV-5910, Dkt. 7; *Velazquez v. The Neiman Marcus Grp., LLC*, No. 22-CV-6520, Dkt. 7; *Velazquez v. Mellow Monkey, LLC*, No. 22-CV-7534, Dkt. 5; *Velazquez v. Alpaca Direct, LLC*, 22-CV-9168, Dkt. 7.  In each of those cases, the plaintiff's allegation was identical to the allegation in this case: he "intends to visit the Website in the near future if it is made accessible;" in each complaint, that allegation appeared in paragraph 30.  *See Zinnamon v. Levi Strauss & Co., Inc.*, No. 22-CV-5910, Dkt. 1 ¶ 30; *Velazquez v. The Neiman Marcus Grp., LLC*, No. 22-CV-6520, Dkt. 1 ¶ 30; *Velazquez v. Mellow Monkey, LLC*, No. 22-CV-7534, Dkt. 1 ¶ 30; *Velazquez v. Alpaca Direct, LLC*, 22-CV-9168, Dkt. 1 ¶ 30.

In short, Mr. Rozenberg and Stein Saks had been told no fewer than four times before Mr. Rozenberg filed the instant complaint that his cookie-cutter approach to alleging standing was inadequate.  Sanctions are appropriate where, as here, "it should [be] patently obvious to any attorney who had familiarized himself with the law that the action was frivolous." *In re Firestar Diamond, Inc.*, 634 B.R. 265, 307–08 (Bankr. S.D.N.Y. 2021) (cleaned up); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 391 (2d Cir. 2003) (holding sanctions may appropriately be imposed where the party's arguments are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law").

Because this Court had put Mr. Rozenberg and Stein Saks on notice at least three months before he filed the Complaint in this case that his boilerplate allegations were inadequate, it

views their decision to continue to file barebones, cookie-cutter complaints that are plainly inadequate to be inexplicable. *See Zinnamon v. Levi Strauss & Co., Inc.*, No. 22-CV-5910, Dkt. 7 (order dated October 25, 2022). Mr. Rozenberg's response to the Court's Order to Show Cause in this case, given the history, is particularly disingenuous. Mr. Rozenberg and Stein Saks have a business model that appears to rest on filing a high volume of virtually identical complaints. The firm's apparent decision to spend no time developing the facts necessary to allege standing and just hope that it does not get caught is wasting the Court's time. The firm's model must change.

Mr. Rozenberg has already been sanctioned for materially misrepresenting information to the Court. *See Monegro v. Glob. Equip. Co. Inc.*, 20-CV-6409, Dkts. 14, 16. Because the Court's desire is to get Mr. Rozenberg and Stein Saks to take seriously their obligation to allege standing adequately in every complaint they file, the Court will sanction them $1,000.00 for filing the obviously inadequate Complaint in this case. The Court will stay their obligation to pay the sanction for two years. If for two years, beginning on May 1, 2023, neither Mr. Rozenberg nor Stein Saks files an ADA website lawsuit in the Southern District of New York that obviously inadequately alleges standing, the Court will abrogate the fine.

**SO ORDERED.**

Date: **April 28, 2023**
      **New York, New York**

                                    **VALERIE CAPRONI**
                                    **United States District Judge**